UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH JOHNSON )<br>    Plaintiff )<br> )<br>    v. )<br> )<br>ROBERT CHARBONNIER, )<br>ROBERT ENGLAND )<br>    Defendants ) | Civil Action No. 13-CV-13301 |

**AMENDED COMPLAINT AND JURY DEMAND**

     This is a "section 1983" civil rights action sounding primarily in excessive force and malicious prosecution.  Plaintiff was standing on a public sidewalk using his cellular telephone, when police tackled him to the ground causing his head to his head to hit a brick wall.  Plaintiff lost consciousness and had to be taken to the Boston Medical Center for treatment.

  Plaintiff was falsely and maliciously criminally charged.  Plaintiff was exonerated of all criminal allegations, through the filing of a nolle prosequi.

**PARTIES**

1. The plaintiff Joseph Johnson is an individual who lives at 290 E. 9th Street, City of South Boston, County of Suffolk, Massachusetts.

2. The defendant Robert Charbonnier is an individual whose current domicile is unknown to plaintiff but who is steadily employed as a detective with the City of Boston Police Department, Boston, County of Suffolk, Massachusetts.

1

3. The defendant Robert England is an individual whose current domicile is unknown to plaintiff but who is steadily employed as an officer with the City of Boston Police Department, Boston, County of Suffolk, Massachusetts.

## FACTS COMMON TO ALL COUNTS

### THE ARREST

4. On or about January 14, 2013, at approximately 4:00 p.m., the plaintiff was standing on a public street outside of Bell's market in South Boston texting on his cellular telephone.

5. Plaintiff was approached by defendant Charbonnier who was dressed in plain clothes.

6. Without identifying himself as a police officer and without making any commands to the plaintiff, defendant Charbonnier grabbed the plaintiff around the neck and tackled him head first into a brick wall and then down to the sidewalk.

7. Plaintiff was bleeding from the head and momentarily lost consciousness.

8. Defendant England moved witnesses away in an effort to avoid anyone's interference on behalf of the plaintiff.  This allowed Charbonnnier additional time to violently manhandle plaintiff.

### FORMAL CRIMINAL PROCEEDINGS

9. Mr. Johnson was charged with assault and battery on a police officer and resisting arrest.

10. Each of the defendants were instrumental in obtaining the charges and pursuing the charges. A blatantly false police report was completed and used to initiate the false charges against Mr. Johnson.

11. Mr. Johnson was held on bail and was forced to defend the frivolous criminal case brought against him.

12. Defense counsel for the plaintiff in the criminal matter obtained video from Bell's Market that clearly showed the events as they took place.

13. Upon viewing the video, the Commonwealth filed a nolle prosequi exonerating Mr. Johnson of all the charges.

14. The pendency of these charges caused Mr. Johnson to suffer anxiety and stress.

15. The individual defendants' actions were taken with reckless disregard for the plaintiff's constitutional rights. After the charges against Mr. Johnson were dismissed, the City of Boston neither investigated nor disciplined the arresting officers.

## DAMAGES

16. Mr. Johnson suffered severe physical injuries for which he was treated at a hospital.

17. He suffered emotional distress at the fear of incarceration and for having to defend against these false charges.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)
## (AGAINST CHARBONNIER)

18. Mr. Johnson repeats and realleges each and every allegation above stated as though such allegations were set forth herein.

22. By engaging in the conduct described above, Officer Charbonnier deprived Mr. Johnson of clearly established and well-settled constitutional rights while acting under color of law.

23. The wrongful acts described were undertaken with a grossly reckless disregard of Plaintiff's constitutional rights. Use of excessive and unreasonable force in violation of plaintiff's rights guaranteed by the United States Constitution including, but not limited to, the Fourth, Fifth Sixth, Eighth, and Fourteenth Amendments.  When Defendant Charbonnier tackled the plaintiff using force against him, he intended to inflict, and did inflict, serious physical and emotional injuries to plaintiff.

24. As a result of the defendants' violations of Mr. Johnson's civil rights under 42 U.S.C. § 1983, he suffered a loss of freedom, loss of enjoyment of life, extreme emotional distress and was otherwise damaged.

25. The above constitutes violations of 42 U.S.C. § 1983 et seq.

## COUNT TWO
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983
## ALL DEFENDANTS

26. Mr. Johnson repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

27. By having engaged in the conduct described above, the Defendants, including the City of Boston, conspired to deprive Mr. Johnson of the equal protection of the law or of the equal privileges and immunities under the law, and they acted in furtherance of the conspiracy, which resulted in the injury to Mr. Johnson described above, in violation of 42 U.S.C. § 1983.

## COUNT FOUR
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
## (ALL DEFENDANTS)

28. Mr. Johnson repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

29. By engaging in the conduct described above, including threats, intimidation and coercion, the defendants interfered with and deprived Mr. Johnson of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts, in violation of Massachusetts General Laws Chapter 12 § 11I.

30. As a direct and proximate result of the defendants' violations of M.G.L. c. 12 § 11I, Mr. Johnson suffered the injuries described above.

## COUNT FIVE
## MALICIOUS PROSECUTION
## CHARBONNIER AND ENGLAND

31. Mr. Johnson repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

32. Defendants improperly instituted criminal proceedings against Plaintiff by initiating false charges out of the Boston Municipal Court.

33. The defendants did so with malice and without probable cause motivated in part by a desire to cover up their own violent bad acts perpetrated against Mr. Johnson.

34. The criminal prosecution of Mr. Johnson was legally and finally terminated in his favor.

35. As a result of their acts and omissions in causing the commencement and

continuation of proceedings against Mr. Johnson, Defendants proximately caused his great damage.

## COUNT SEVEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CHARBONNIER AND ENGLAND

36. Mr. Johnson repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

37. The intentional and or grossly reckless actions described above are attributable to each defendant, jointly and severally. These actions were outrageous and beyond the scope of common decency.

38. The intentional and or grossly reckless actions described above attributable to each defendant, caused the plaintiff to suffer great emotional distress.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

1. Order judgment in Plaintiff's favor in such amount as will fully compensate him for his losses to the greatest extent allowed by law;

2. Order such payment of punitive damages as are allowed by law;

3. Use its fullest equitable powers to order the Defendants:

    a.    to write complete and truthful police reports; and

    b.    to testify truthfully in court.

4. Use its fullest equitable powers to order Defendants to institute appropriate police training, supervision and disciplinary response that will require and promote truthful police behavior;

5. Order payment of interest, costs and attorneys fees pursuant to 42 U.S.C. §§ 1983 and 1988 and M.G.L c. 12 § 11H and I, and any other statute or common law theory applicable to these facts; and

6. Order such further relief as this Court deems fair and just.

## JURY DEMAND

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: July 31, 2014

        Respectfully submitted,
        Plaintiff Joseph Johnson
        By his Attorneys,

/s/ *Robert S. Sinsheimer*
Robert S. Sinsheimer BBO#464940
Lauren Thomas, BBO#667973
Michael R. Harriman BBO#680061
SINSHIEMER & ASSOCIATES
92 State Street, 9th Floor
Boston, MA 02109
Telephone: 617-7220-9954
Facsimile: 617-722-9950
rsinsheimer@sinsheimerlaw.com
lthomas@sinsheimerlaw.com
mharriman@sinsheimerlaw.com

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 31, 2014.

        /s/ *Robert S. Sinsheimer*